**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| A HELPING HAND, L.L.C., et al., | : | |
| | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | CCB-02-2568 |
| | : | |
| BALTIMORE COUNTY, et al. | : | |

**MEMORANDUM**

Plaintiffs' motion for leave to file an amended complaint (docket entry no. 101), filed

March 27, 2006, is now pending before the court. For the reasons discussed below, the plaintiffs'

motion will be granted in part and denied in part.

**BACKGROUND**

On April 15, 2002, Bill 39-02, which amended the zoning regulations for "certain

State-licensed medical clinics," was passed by the County Council and was signed into law the

next morning by the County Executive.  Subsequently, in August of 2002, Helping Hand brought

suit against the county.  I will presume familiarity with my previous rulings in that matter, as

they discuss many of the relevant factual and procedural details behind the passage of Bill 39-02,

its relation to Helping Hand, and the suit that followed.  *See A Helping Hand, L.L.C. v.

Baltimore County, MD, et al.,* 295 F.Supp. 2d 585 (D.Md. 2003); 299 F.Supp.2d 501 (D.Md.

2004); 2004 WL 392873 (D.Md. 2004); 2004 WL 86288 (D.Md. 2004); 2005 WL 2453062

(D.Md. 2005).  The related opinions in *Smith-Berch, Inc., see* 68 F.Supp. 2d 602 (D.Md. 1999);

115 F. Supp.2d 520 (D.Md. 2000); 216 F.Supp.2d 537 (D.Md. 2002); 64 Fed.Appx. 887 (4th Cir.

2003), provide additional historical background that is helpful to understanding the present

dispute. On March 29, 2005, an individual client of the Helping Hand clinic brought suit against the County under the name "John Doe," making allegations essentially identical to those in CCB-02-2568.  On December 13, 2005, this court granted plaintiffs' motion to consolidate the cases. Trial is scheduled to begin July 17, 2006.

<u>ANALYSIS</u>

Plaintiffs seek leave to amend for several purposes: to dismiss Jane Does One and Two as plaintiffs, to add John Doe Three,[1] and to clarify their disparate impact claims.[2]  Leave to amend must be freely granted, and amendments are generally accepted absent futility or undue prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)("In the absence of any apparent or declared reason such as undue

---

[1] Jane Doe One passed away some time before the filing of this motion. Jane Doe Two withdrew from the case for fear that her identity would be revealed by the defendants.  The motion for leave to amend to dismiss these two plaintiffs, therefore, will be granted. John Doe Three, while free to testify as a witness, may not be added as a plaintiff due to the prejudice his addition could cause the County – for example, an additional IME would have been required. Consistent with discussions during the conference call between the parties and the court conducted on April 21, 2006, therefore, the plaintiffs' motion will be denied as to the addition of John Doe Three. (Transcript at p.18)

[2] The County takes issue with the plaintiffs' characterization of this amendment as merely "clarifying" the plaintiffs' disparate impact claims. Due to the lack of prejudice to the County, however, the court finds it appropriate to allow this amendment whether characterized as clarifying or adding a disparate impact claim. While the County argues that such a theory is foreclosed by this court's opinion of September 30, 2005, *see Helping Hand*, 2005 WL 2453062, n. 18, which noted that plaintiffs were not relying on a disparate impact theory, that observation does not foreclose permitting its addition here. In fact, that opinion specifically left open and recognized the possibility of later reliance on such a theory, stating that "plaintiff does not presently rely on other theories." *Id*.  The County further argues that this court already rejected the plaintiffs' request to amend during a May 1, 2006 motions hearing. My statement that a continuance would not be justified for the purpose of adding a disparate impact claim, however, did not indicate that such an amendment would not be proper, but rather that I would not grant a continuance solely for the purpose of such an amendment. (Transcript at pp.29-34 )

delay, bad faith or dilatory motive...undue prejudice...[or] futility of amendment, the leave sought should, as the rules require, be 'freely given.'.").[3]  The county protests that granting leave to amend would subject it to undue prejudice because none of the discovery to date has focused on the factual and statistical elements necessary to litigating a disparate impact claim. The County contends that defending this new claim would require extensive additional preparation and expense.  In particular, the County stresses the data- intensive nature of such claims and the necessity of expert statistical analysis.

While it is true that disparate impact claims often involve extensive statistical analysis, *see, e.g., New York Transit Authority v. Beazer*, 440 U.S. 568, 584-87 (1979), such evidence is not necessary and may not even be relevant to a particular claim. *See, e.g., Tsombanidis v. City of Westhaven*, 129 F.Supp.2d 136, 156-58 (D.Conn. 2001); *Sunrise Development, Inc. v. Town of Huntington*, 62 F.Supp.2d 762, 776-77  (E.D.N.Y. 1999). Here, neither volumes of data nor complex statistical analysis are needed.  According to the plaintiffs' allegations, one piece of legislation was passed, and one medical clinic – Helping Hand – out of a relatively small universe of potentially affected clinics in the County was affected.[4]  Moreover, the disparate

---

[3] There is no argument of "futility" with respect to the disparate impact claim. The County's only futility arguments related to the addition of John Doe Three as a plainitff, permission for which has been denied.

[4] Beyond the framework of a disparate impact claim already discussed in *Helping Hand*, 2005 WL 2453062, *17, it is the court's understanding that relevant additional "data" has already been gathered and related depositions taken. (*See, e.g.,* Plf's Mot. for Partial Summ. J. at pp. 7-8; Exhibit 2, Richards Depo. at 117: 16-19, 118: 13- 119:2)  The fact that little, if any, statistical analysis would be needed – as well as the limited relevant discovery requests already served at that point – was confirmed during a conference call between the parties and the court conducted on April 21, 2006. Transcript at pp. 3-11.  Moreover, it is significant that the County has in fact been able to complete discovery and respond in opposition to the plaintiffs' motion for partial summary judgment on the issue of disparate impact, belying its claims that it would be

impact claim arises from the same conduct described in the original complaint and litigated throughout the pendency of this litigation.[5]  Defendants were on notice of all the claims of the plaintiffs and of their own potential liability, and, although the court recognizes that adding a claim for disparate impact could often do so, the proposed amendment does not appear to fundamentally change the character of litigation here. *Compare Deasy v. Hill*, 833 F.2d 38, 41-42 (4th Cir. 1987).[6]  Finally, while there has been some delay in articulating this claim, "delay alone...without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."  *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).  Because no specific significant prejudice nor any obvious design by dilatoriness to harass the County has been shown, the plaintiffs' request for leave to amend will be granted as to the disparate impact claim.

## **CONCLUSION**

In light of the foregoing, the plaintiffs' motion for leave to amend will be granted in part

---

near impossible to do so. (*See* docket entry no. 147)

[5] In fact, the possible discriminatory impact of Bill 39-02 has previously been highlighted by this court in *Helping Hand*, 2005 WL 2453062, *17 ("As for discriminatory impact, Helping Hand is the only facility that has been cited by the County in connection with Bill 39-02 and the only entity required to participate as a result.").

[6] Significantly, statistical analysis is often also critical to disparate treatment claims, as part of the body of evidence that may help give rise to an inference of discrimination.  The County itself cites *Carter v. Ball*, 33 F.3d 450 (4th Cir.1994), which highlights the potential importance of reliable statistical evidence in establishing an inference of discrimination in disparate treatment cases. *See id.* at 456 ("In disparate treatment cases, we consider statistical evidence to be 'unquestionably relevant.'")(citation omitted). While complex statistical evidence is not a critical part of this case, that fact that such evidence is potentially relevant to both disparate treatment and disparate impact cases cuts against the County's claims that it would be prejudiced by the need for new and unforeseeable preparation.

and denied in part.

A separate order follows.

___July 12, 2006___                    _____/s/_____
Date                                   Catherine C. Blake
                                       United States District Judge