Courtesy charge to jury

At the outset, I want to thank you for your patience and attention throughout this case. All the parties appreciate your careful consideration of the evidence, your patience with our recesses and delays, and your promptness, even when we are not as prompt as you.

As you may already know, the functions of the Judge and of the Jury in a case of this sort are quite different. It is my duty as Judge to instruct you as to the law which applies to this case. It is your duty to decide the facts, and then to apply the law as I state it to you.

You should not single out any one sentence or individual point in these instructions and ignore the others. Rather, you should consider all of my instructions as a whole, and you should consider each instruction in the light of all others. Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated in these instructions, you should of course follow these instructions.

You and only you are the judges of the facts. If any expression of mine, or anything I may or may not have done or said during the course of the trial, seemed to indicate any opinion I might have on any factual matters, I instruct you to disregard it.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All persons stand equal before the law and are entitled to the same fair treatment under the law. Accordingly, it would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendants to influence you in any way. Our judicial system cannot work unless you reach your verdict only through a fair

___FILED ___ENTERED
___LODGED ___RECEIVED

AUG 8 – 2006

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

and impartial consideration of the evidence.

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. The other type of evidence is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

There is a simple example of circumstantial evidence which is often used. Assume that when you came into the courthouse this morning the sun was shining. As you were sitting here, someone walked in with an umbrella that was dripping wet. Someone else then walked in with a raincoat that was also dripping wet. You cannot look outside of the courtroom; consequently, you have no direct evidence of whether or not it is raining. But, on the combination of facts, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to the definition of circumstantial evidence. You infer on the basis of reason and experience from an established fact the existence or the nonexistence of some other fact. Circumstantial evidence is of no less value than direct evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

In deciding the facts, you may consider not only any evidence to which I may refer, and the evidence to which you may be referred by counsel in their arguments, but you may also consider any testimony or exhibits in the case, whether or not referred to by me or by counsel, which you believe to be important to your decision.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts in this case. But in considering the evidence, you are permitted to

draw, from facts you find have been proved, such reasonable inferences as seem justified in the light of your own experience. Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

The questions and arguments of counsel are not evidence and should not be considered as evidence. The evidence in the case, which you may consider with respect to all claims, consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them and all facts which may have been admitted or stipulated. Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

A number of exhibits have been admitted into evidence in this case and will be available for your review. Do not pay any special attention to which side introduced an exhibit, or to the numbers on the exhibits as counsel premarked them to help the Court Clerk and at trial may have decided against the use of certain ones. You may consider the exhibits that have been admitted for any purpose, consistent with these instructions, that will help you evaluate the merits of this case. You should give the exhibits the weight and credibility that you deem appropriate.

During the course of the trial, I may have occasionally asked questions of a witness, in order to bring out testimony I was not clear about. Do not assume that I hold any opinion on the matters to which my questions may have related.

At times throughout the trial, I have been asked to rule on the admissibility of certain offered evidence. You should not be concerned with my rulings or the reason for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law,

and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, I do not determine what weight should be given to such evidence; that is up to you. You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You are not required to believe any witness even though his or her testimony is uncontradicted. In determining whether or not to believe a witness, you should carefully scrutinize the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and his or her demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently; innocent misrecollection, like failure of recollection, is not an uncommon experience. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, should be considered by you, but, in weighing their effect, you should consider whether the inconsistencies or discrepancies relate to a matter of importance or an unimportant detail, and whether the

4

discrepancy or inconsistency results from innocent error or willful falsehood.

A witness may be discredited, not only by contradictory evidence, but also by evidence that at other times the witness has made statements which are inconsistent with the present testimony of that witness. In weighing the testimony of any witness, therefore, you should consider whether he or she has made statements at other times which are inconsistent with his or her present testimony, and whether such inconsistency, if you find any, results from innocent error or willful falsehood, as well as whether it relates to a matter of importance or an unimportant detail.

After you have considered all the factors bearing upon the credibility of a witness which I have mentioned to you, you may decide to accept all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

A witness who has special training or experience in a given field is permitted to express opinions based on observed or assumed facts to help you in deciding the issues in the case. In weighing the opinions of an expert, you should consider the expert's experience, training and skills, the expert's knowledge of the subject matter about which he is expressing an opinion, and the reasons the expert gives in support of his opinion.

You should give expert testimony the weight and value you believe it should have. You are not required to accept any particular expert's opinion. You should consider an expert's opinion together with all the other evidence.

You should not decide any issue of fact in this case based on which side brings the greater number of witnesses, or presents the greater quantity of evidence. Instead, you should base your

5

decision on which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. In particular, you should be aware that members of the Baltimore County Council and their staff do not have to testify at trial because of the legal doctrine of legislative privilege, or legislative immunity. You should not consider in any way in reaching your decision the fact that Baltimore County Council members and their staff did not testify before you.

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his or her claims by a preponderance of the evidence. The burden is on the defendant to prove by a preponderance of the evidence every element of its affirmative defense of the statute of limitations, which I will explain later.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true. If you believe that the evidence is evenly balanced on an issue, then your finding must be against the party who has the burden of proof on that issue.

The instructions I have given you so far apply to any civil case. Now I will give you some specific instructions about the claims in this case.

First, the plaintiffs bring claims under the Americans with Disabilities Act, or ADA.

6

That law provides in part that: "No qualified individuals with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

The term "qualified individual with a disability" means an individual with a disability who meets the essential eligibility requirements for the receipt of services or for participation in programs or activities provided by a public entity. The services, programs, or activity involved in this case is zoning. Accordingly, the plaintiffs have the right to have zoning decisions made by Baltimore County in a way that does not discriminate against the plaintiffs under the ADA.

The ADA claims brought by Plaintiffs in this action arise from Title II of the ADA, which relates to discrimination by public entities. Title II of the ADA defines the term "public entity" to include any state or local government, and any department, agency, or other instrumentality of a state or local government. Baltimore County, the Baltimore County Council, and the related defendants, are a "public entity" within the meaning of the ADA.

The ADA protects individuals such as plaintiffs John Doe One, John Doe Two, and Jane Doe. The law also protects entities such as Helping Hand, if they are discriminated against based on their relationship or association with disabled individuals.

As you have heard, the ADA defines "disability" to mean any of the following: (1) a physical or mental impairment that substantially limits one or more major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. A person is regarded as having a disability that substantially limits a major life activity when others perceive him in such a way, whether or not he has an actual impairment. The first definition provided above may be considered "prong one"; the second definition provided above may be considered "prong two"; and the third definition provided above may be

considered "prong three" of the definition of disability. You are instructed to assume as a matter of law, that prong 3, the regarded as prong, has been satisfied. You are not being asked to make any determination as to prong 1 or prong 2.

The first claim under the ADA, Count One, is for intentional discrimination. You must determine whether discrimination due to disability was a motivating factor in the Baltimore County Council's decision to enact Bill 39-02.

In other words, to establish intentional discrimination in violation of the ADA, the plaintiffs must demonstrate, either by direct or circumstantial evidence, that the defendants' enactment of Bill 39-02 was motivated by consideration of the disability of the individuals who would be affected by the decision. The plaintiffs do not need to show malice or discriminatory animus toward them personally, and they need only demonstrate that their disability was a motivating cause of the discrimination, not necessarily the sole cause.

In evaluating whether a defendant intentionally discriminated against a plaintiff, you must consider available direct and circumstantial evidence of the defendant's intent, including: (1) the discriminatory impact of the defendant's decision; (2) the decision's historical background; (3) the specific sequence of events leading up to the decision; (4) departures from the normal procedural sequences; (5) departures from normal substantive criteria; and (6) legislative or administrative history, including contemporaneous statements by members of the decision-making body. Of course, what motivates one legislator to make a speech about a statute is not necessarily what motivates others to enact the statute.

Legislators are free to enact legislation inconsistent with prior legislation. They may repeal or amend any statute they have enacted, although they may not do so in a manner that violates federal anti-discrimination laws or the United States Constitution. Similarly, legislators

8

may consider the views of their constituents, but may not rely on those views to justify the enactment of a discriminatory law. It is for you to decide, based on all the evidence, what motivated the County in enacting Bill 39-02.

Count 2 is a claim under Title IV of the ADA. Under Title IV, it is unlawful to interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA. This claim is brought by the Doe plaintiffs only.

If you find that defendants intentionally interfered with the Doe Plaintiffs, in their exercise or enjoyment of any right granted or protected by the ADA, then you may further find that defendants violated Title IV of the ADA.

Count 3 is a claim for violation of Helping Hand's substantive due process rights under the Fourteenth Amendment to the Constitution. Under 42 U.S.C. § 1983, a plaintiff may assert a claim against a local government entity such as Baltimore County for depriving the plaintiff of any rights, privileges, or immunities secured by the United States Constitution and laws. A claim for deprivation of Fourteenth Amendment substantive due process rights under Section 1983 requires the plaintiff to demonstrate that: (1) it had property or a property interest; and that (2) the defendant deprived it of this property or property interest (3) without due process of law.

A plaintiff has a property interest in its intended use of leased space if: (1) the plaintiff obtains the requisite permit or occupancy certificate and (2) the neighborhood is advised that the land is being devoted to that use. In this case, you are instructed that Helping Hand had a property interest in the intended use of its leased space at 116 Slade Avenue as a methadone treatment center.

Deprivation of a property interest violates a plaintiff's due process rights if it was clearly

9

arbitrary and unreasonable, with no substantial relationship to a legitimate governmental purpose. Indications that a governmental body's action is arbitrary, unreasonable, and not substantially related to a legitimate governmental interest include, but are not limited to: (1) the action is tainted with fundamental procedural irregularity; (2) the action is targeted at a single party; and (3) the action deviates from or is inconsistent with the defendant's regular practice.

So, if the plaintiffs have shown that the defendants' enactment of Baltimore County Bill 39-02 was clearly arbitrary and unreasonable, with no substantial relationship to a legitimate governmental purpose, then you may find that the defendants violated plaintiff Helping Hand's substantive due process rights under the Constitution.

You also heard in opening instructions about a claim for what is called disparate impact under the ADA. You are not being asked to make a decision on that claim.

A plaintiff has three years to file a lawsuit under the ADA or Section 1983. When the claim is based on a law being passed, the time period to file suit begins to run on the date the law was enacted, here April 16, 2002. Plaintiffs must have sued by April 17, 2005, or their claim(s) are barred. The defendants assert as an affirmative defense that Jane Doe did not agree to be part of the suit against the defendants before April 17, 2005.

If you find the defendants liable to any of the individual Doe plaintiffs, you should consider the question of monetary damages. Under the ADA, monetary damages are available for economic loss and expenses, as well as non-economic damages such as emotional pain and suffering. Helping Hand is not claiming any monetary damages. The individual Doe plaintiffs are requesting compensation for non-economic damages, which includes emotional pain and suffering, anxiety, inconvenience, humiliation, and embarrassment. A plaintiff may recover those damages that he or she proves were more likely than not caused by the alleged

10

discrimination.

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in light of the instructions which I have given you, and use the same common sense and the same intelligence that you would use in determining any important matter you have to decide in the course of your own affairs.

It is your duty, as Jurors, to consult with one another and deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow Jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow Jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, your first duty will be to elect a foreperson. The foreperson has no extra vote, but he or she will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer. Never attempt to communicate with the court except in writing. You will note from the oath about to be taken by the court security officer that they too, as well as all other persons, are forbidden from communicating in any way or manner with any member of the jury on any subject related to the merits of the case. And bear in mind always that you are not to reveal to the court or to any person how the jury stands, in terms of any numerical division or vote you may have taken until after you have reached a unanimous verdict.

In order to record your verdict in this case, we have prepared a verdict form for you.

(Review verdict form.)

When you have reached a unanimous agreement, the foreperson should fill out the verdict form in accordance with your agreement. Then the foreperson should sign and date the form in the space provided.

When you have agreed and finished completing the verdict form, the foreperson should knock on the door and inform the Clerk or court security officer simply that you have agreed upon a verdict. The foreperson should not disclose or indicate in any way what your verdict is at that time. The verdict must be announced for the first time in open court.

When you return to the jury box, the Clerk will ask you, "Have you agreed upon your verdict?" And we hope that you collectively will respond that you have.

The Clerk will then ask, "Who shall say for you?" All of you will respond, "Our foreperson."

Your foreperson will then stand and present the verdict form to the Clerk who will show it to me. After my review, it will be returned to the Clerk for reading in open court.