IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| A HELPING HAND, LLC | : |
| | : |
| v. | : |
| | :  Civil No. CCB-02-2568 |
| BALTIMORE COUNTY, MD, et al. | : |
| | : |

...o0o...

**MEMORANDUM**

Now pending before the court are two motions brought by plaintiff A Helping Hand, LLC ("Helping Hand"), one for leave to file a second amended complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 103(6), and one for a retrial before a court and not a jury, pursuant to Federal Rule of Civil Procedure 39. Defendants ("the County") have opposed both motions and moved for recusal by this court in the event that Helping Hand's request regarding retrial is granted. The issues here have been fully briefed and no hearing is necessary. For the reasons stated below, the motion to amend will be granted and the other motions will be denied without prejudice.

*A. Motion for Leave to File a Second Amended Complaint*

Helping Hand moves for leave to file a second amended complaint, one that will both eliminate issues that have already been tried or waived and also clarify the nature of relief sought at this stage. "Disposition of a motion to amend is within the sound discretion of the district court." *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15(a)(2) encourages the court to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), however such leave is not to be given automatically. *Deasy*,

1

833 F.2d at 40.  A court may properly deny a motion for leave to amend where the motion was unduly delayed and would unduly prejudice the non-movant if granted.  *Id.*; *see Foman*, 371 U.S. at 182.

The County argues that leave to amend should be denied because there was an unreasonable delay in filing the motion.  Although it is true that this motion for leave to amend comes years after the original complaint was filed, Helping Hand rightly points out that it could not have requested the purely equitable relief it now seeks in its second amended complaint until the "John Doe" plaintiffs previously in the case waived their appellate rights on the issue of damages, and also until the Fourth Circuit remanded the matter to this court in 2008.  *See A Helping Hand, LLC v. Baltimore County, MD*, 515 F.3d 356 (4th Cir. 2008).  Regardless, "[d]elay alone . . . without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), and there would be no resulting prejudice to the County if the court allowed Helping Hand to amend its complaint as proposed.  The changes sought by Helping Hand contain no unfair surprises or other problems – such as the need to conduct new discovery – that unduly prejudice the defendants.[1]  Accordingly, Plaintiff's motion

---

[1] The principal change in the proposed amended complaint is the removal of several paragraphs of the previous complaint concerning monetary damages.  The proposed amended complaint also removes allegations that the County's actions violated Title IV of the Americans with Disabilities Act ("ADA"), the Fourteenth Amendment to the Constitution, and the Constitution's Bill of Attainder prohibition (allegations that were not sustained in previous proceedings).  These deletions from the complaint certainly do not prejudice the County.

The only proposed amendment of any consequence to the defendants is the change in Paragraph 11.  That change maintains a previous request for "a declaration that Defendants violated the ADA" and replaces a prior request to "enjoin Defendants from categorically excluding methadone treatment programs from the County or imposing different or more burdensome zoning standards" with a request for "an injunction protecting Plaintiff HH and other methadone clinics from interference with their operations through the enforcement of Bill 39-02 or different or more burdensome zoning standards." (Proposed Amend. Compl. ¶ 11.)  This

2

for leave to file a second amended complaint will be granted.

*B. Motion for Retrial; Motion for Recusal*

Helping Hand also moves for an order directing that any retrial of its remaining claims occur before the court and not a jury.  The County opposes this request and, in the alternative, moves for recusal if a retrial occurs before the court, citing 28 U.S.C. § 455(a).  Both motions will be denied without prejudice for reasons explained below.

*C. Injunctive Relief*

The recent opinion issued by the Fourth Circuit, *A Helping Hand, LLC v. Baltimore County, MD,* No. 08-2253, 2009 WL 4692042 (4th Cir. Dec. 10, 2009) (per curiam) calls into question the availability of injunctive relief, even if this case were to be retried.  So that this issue may be addressed by the parties through a motion to dismiss or in limine, no retrial will be scheduled at this time.

A separate order follows.


  December 30, 2009                                            /s/
         Date                                          Catherine C. Blake
                                                       United States District Judge

---

change also does not unfairly prejudice the County.