**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**


A HELPING HAND, L.L.C.            :
                                   :
                                   :
        V.                       :    CIVIL NO. CCB-02-2568
                                 :    CIVIL NO. CCB-05-844
BALTIMORE COUNTY, M.D., ET AL.   :
                                   :

## MEMORANDUM

Now pending is Baltimore County's motion to dismiss the second amended complaint in this long-running litigation involving the opening and operation of a methadone maintenance clinic in a former medical office in the Pikesville area of the County.  Also pending is the recently filed motion by plaintiff A Helping Hand LLC for preliminary injunction or a prompt trial date to permit a final decision on permanent injunctive relief as far in advance of June 10, 2010 as possible.   June 10th is the expiration of the six-month amortization period permitted by the Fourth Circuit in its opinion issued December 10, 2009, 2009 WL 4692042.

While I agree that Helping Hand did not forfeit its ADA claims by seeking interim injunctive relief based on the jury's finding  (affirmed by the Fourth Circuit) of a substantive due process violation by the County, the difficulty is that Helping Hand now seeks only permanent injunctive relief as a remedy if it prevails.  The Fourth Circuit appears to have barred such relief even if there were a verdict in the clinic's favor on an ADA claim.

In its opinion, the Circuit agreed that forced relocation "would result in some costs and inconvenience" for the clinic, but held that relocation would not constitute irreparable injury, and that any costs could be compensated by monetary damages. *Id.* at *2.  The Circuit explicitly rejected the principal argument on which the clinic now relies – harm to its clients – stating that

"the Clinic has not demonstrated that a <u>temporary</u> interruption would <u>irreparably</u> frustrate its customer-service purpose." *Id.* at \*3.

In the face of this ruling by the Circuit, the most prudent course is to grant the County's motion to dismiss.[1]  A separate Order follows.

| March 18, 2010 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[1] If the plaintiff believes I have misinterpreted the Circuit's opinion, it may of course seek clarification by appealing my decision.